UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                           Criminal No. 18-cr-37-JD
                                    Opinion No. 2021 DNH 049

Joseph Crocco

## O R D E R

Joseph Crocco moves for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that, because of his health conditions, he has an increased risk of serious illness if he were to contract COVID-19.[1]  The government objects to a reduction of Crocco's sentence based on the sentencing factors. The United States Probation and Pretrial Services has filed a report.

## Standard of Review

After an inmate exhausts available administrative remedies, a court may reduce his sentence if the inmate establishes an extraordinary and compelling reason for the reduction and if the reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and applicable policy statements issued by the

---

[1] Crocco filed a pro se motion for reduction of his sentence under § 3582(c)(1)(A).  Counsel was appointed to represent him for purposes of that motion, and counsel filed a supplemental motion and an amended supplemental motion on Crocco's behalf.

Sentencing Commission.  § 3582(c)(1)(A).  Because the Sentencing Commission has not released an updated policy statement since enactment of the First Step Act, courts continue to use its most recent statement from November of 2018, U.S.S.G. § 1B1.13, without the limitation to the Director of the Bureau of Prisons.  See, e.g., United States v. Gonzalez, 2021 WL 135772, at *1 (D. Mass. Jan. 14, 2021); United States v. Vigneau, 473 F. Supp. 3d 31, 35 (D.R.I. 2020).  That policy statement is clarified in the commentary, which states that an extraordinary and compelling reason may exist based on a serious physical or medical condition, age of the defendant, family circumstances, or another reason, as determined by the court.  § 1B.13, cmt. n.1 (A-D).  United States v. Manning, 2021 DNH 006, 2021 WL 77149, at *1 (D.N.H. Jan. 8, 2021); Vigneau, 473 F. Supp. 3d at 36.

## Background

Crocco was found guilty by jury verdict of bank robbery in violation of 18 U.S.C. § 2113(a) on September 25, 2018.  He was sentenced to 144 months of incarceration, and judgment was entered on October 30, 2019.  Crocco has served almost 25% of his sentence, with a projected release date of June 20, 2028.

Crocco is currently imprisoned at FCI Williamsburg in Salters, South Carolina.  In May of 2020, he was found guilty on a charge of disruptive conduct and lost forty-one days of good

2

conduct time. He is assessed at a high risk of recidivism level. He filed a request for compassionate release with the warden and an appeal, which were denied.

The bank robbery that was the basis for Crocco's conviction occurred in December of 2017. Police were called to the Service Credit Union in Hinsdale, New Hampshire, where tellers reported a robbery. They stated that a man came into the bank and handed the teller two notes demanding money and threatening that he would detonate a bomb in sixty seconds. The teller handed the man $2,709 in a plastic bag, and he left. He was seen running toward woods behind the property.

The robber was not apprehended at that time. Officers shared pictures of the robber taken by security cameras with the media. They found a vehicle stuck in the snow behind the property, had it towed for impoundment, and found a bank card with Crocco's name on it in the glove compartment. Crocco contacted the Hinsdale Police Department and denied that he was the bank robber. He was instructed to report to the police department, which he said he would do, but he never did. In February of 2018, Crocco was arrested in Poughkeepsie, New York.

Crocco had a significant criminal history before he robbed the bank that lead to his conviction in this case. Beginning in 1993, Crocco was convicted on charges that include possession of loaded firearms, voluntary manslaughter, unlawful imprisonment,

3

assault, and criminal contempt, in addition to the bank robbery conviction. He committed the bank robbery offense while under a sentence for possession of marijuana with the intent to distribute in Virginia. Crocco is a career offender with a criminal history score of 8. When he was sentenced in this case, he also had pending charges against him in Strafford County Superior Court, which arose from his actions in October of 2018 while he was in pretrial custody at Strafford County Department of Corrections.

Crocco is currently forty-four years old. He suffers from a number of medical conditions and has a history of mental illness. For purposes of his current motion, his counsel cites his past heart surgeries as the most concerning medical condition. In 2011, while he was in custody, he was stabbed in the heart and had a subsequent stab injury to his chest. He also has urinary tract issues and needs surgery, which has been delayed because of the COVID-19 pandemic. In addition, he has a serious autoimmune condition.

The government acknowledges the risk posed by Crocco's medical conditions if he were to contract COVID-19, based on guidance from the CDC's website. The government had Crocco's medical records reviewed by Dr. Gavin Muir, Chief Medical Officer at Amoskeag Health in Manchester, New Hampshire. Dr. Muir acknowledges that Crocco has other serious medical

4

conditions but provided his opinion that those conditions do not increase his risk if he were to contract COVID-19.

In her report, the probation officer states that she has not received a release plan from the BOP, Crocco, or his counsel.

## Discussion

Crocco asks to have his sentence reduced to time served with home confinement as a condition of his supervised release. In support, he contends that his medical conditions put him at increased risk of serious illness if he were to contract COVID-19 and that his current state of physical and mental illness makes him unlikely to commit crimes if he were released. The government agrees that Crocco has shown an extraordinary and compelling reason to reduce his sentence based on the co-morbidity of his confidential condition and COVID-19 but contends that the sentencing factors preclude relief.

## A.  Extraordinary and Compelling Reason and Exhaustion

There is no dispute that Crocco has shown an extraordinary and compelling reason to support his motion and that he has satisfied the exhaustion requirement. Therefore, those matters need not be addressed further.

B.  Sentencing Factors

Section 3553(a) states that the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" provided in § 3553(a)(2), and lists factors for determining an appropriate sentence.  The first two factors are particularly pertinent for purposes of this motion.[2]  The first factor directs the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  § 3553(a)(1).  The second factor focuses on the purposes of sentencing, including:

> the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

§ 3553(a)(2).

The court considered the § 3553(a) factors when Crocco was sentenced in 2019 to 144 months of incarceration, which was an appropriate sentence for his serious crime and in light of his

---

[2] The third factor directs consideration of "the kinds of sentences available;" the fourth and fifth factors focus on the Sentencing Guidelines; the sixth factor addresses "the need to avoid unwarranted sentence disparities;" and the seventh factor directs courts to consider the defendant's restitution obligations.

extensive criminal history.  While Crocco has shown that he may have additional risks associated with the COVID-19 pandemic, which is an intervening change in the circumstances related to sentencing, he has not shown that the sentencing factors support a reduction in his sentence.

In support of his motion, Crocco contends that he no longer needs to be imprisoned to protect the public from further criminal acts.  He argues that he is too physically and mentally ill to commit further crimes.  Just last May, however, he was found guilty of a serious offense and lost forty-one days of good conduct time.  He is also assessed to be at a high risk for recidivism, which is considered by the court to be a significant aggravating factor.  Based on those circumstances and a lack of evidence that his physical and mental conditions would preclude criminal activity, Crocco has not shown that his sentence is unnecessary to protect the public from further crimes.

He also argues that a reduction in his sentence is necessary to allow him to get the medical care he needs for his urinary tract condition, which requires surgery.  He does not show, however, that his opportunity for medical care would increase if he were released from prison.  In addition, he contends that he is unable to get the educational and mental health programs that he needs because of the current risk from

COVID-19 in the prison.  He has not shown that such programs would be more readily available to him if he were released.

The sentencing factors under § 3553(a) support the sentence imposed and weigh heavily against granting the motion for a reduction in sentence.

## Conclusion

For the foregoing reasons, Crocco's motion for a reduction of his sentence (document no. 81), the sealed supplemental motion (document no. 86), and the amended supplemental motion (document no. 97) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 8, 2021

cc:  Counsel of record.

8